IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| ALBERT MORRIS, ) | CASE NO. 12-35217-H3-7 |
| ) | |
| Debtor ) | |
| ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion For Relief From Automatic Stay To Permit Eviction To Continue Regarding Real Property Located At 54 The Oval Street Sugar Land, Texas And Request For In Rem Relief" (Docket No. 9) filed by American Home Mortgage Servicing, Inc. ("Movant"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the instant motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Albert Morris ("Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 9, 2012.

In Schedule A, Debtor lists an equitable interest in real property located at 54 The Oval Street, Sugar Land, Texas, with a notation that legal title is in dispute. In Schedule C,

Debtor claims the real property as exempt pursuant to the Texas Property Code.  (Docket Nos. 20 and 21).

Debtor testified that he purchased the real property during 2000.  He testified that he refinanced the original loan with a home equity loan.

On December 19, 2003, Debtor executed a deed of trust in favor of Option One Mortgage Corporation.  The deed of trust contains a recitation that it secures the extension of credit pursuant to Article XVI, section 50(a)(6), of the Texas Constitution.  (Debtor's Exhibit 2).

Debtor testified that he defaulted on the note while the Deed of Trust was held by Option One Mortgage Corporation.

On March 3, 2009, a substitute trustee conducted a non-judicial foreclosure sale.  The substitute trustee's deed recites that the sale was conducted pursuant to the December 19, 2003 deed of trust, that the underlying note was transferred to Wells Fargo Bank, N.A., as trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-OP1 Asset Backed Pass-Through Certificates, Series 2004-OP1 ("Wells Fargo"), and that the real property was sold to Wells Fargo.  (Movant's Exhibit 1).

It appears that, on August 19, 2009, in a suit filed by Movant, the County Civil Court No. 4, Fort Bend County, Texas granted Movant a judgment for possession of the property.  It

further appears that Debtor appealed the judgment to the Texas Court of Appeals, and that the judgment was affirmed.[1]

In the instant motion, Movant seeks lifting of the automatic stay for cause.  Movant asserts that Debtor has no interest in the property.  Debtor contends that Movant lacks standing to seek such relief, and that non-judicial foreclosure violated the provisions of the Texas Constitution requiring that the foreclosure of real property encumbered by a Texas home equity loan be accomplished through a judicial foreclosure.

Debtor has commenced an adversary proceeding, Adv. No. 12-3308, seeking a declaratory judgment determining that the foreclosure sale is void, and seeking damages under the federal Fair Debt Collection Practices Act.

### Conclusions of Law

Under Section 362(d)(1) of the Bankruptcy Code, the court shall grant relief, such as by terminating, annulling, modifying, or conditioning the stay, for cause.  Cause is not defined in the Code, and must be determined on a case by case

---

[1] Movant's Exhibit 1 contains an affidavit of Travis Gray, Movant's counsel, along with a copy of the substitute trustee's deed, and what purport to be unofficial copies of the judgment of the County Civil Court at Law No. 4, and the mandate of the Texas Court of Appeals.  Gray's affidavit authenticates the substitute trustee's deed.  The affidavit does not authenticate the purported unofficial copies of the judgment and the mandate. Debtor did testify that he believed the judgment and the mandate were entered.  It is based on Debtor's testimony that the court determines that the acts described in the documents took place.

basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

In the instant case, the cause cited by Movant for lifting stay is the absence of Debtor's equity in the property. Movant has the burden of proof on this issue. Movant's evidence establishes that a non-judicial foreclosure sale was conducted. Movant's evidence does not establish that Debtor lacks equity in the property. The court notes that Texas home equity loans must be foreclosed judicially. See Tex. Prop. Code § 51.002; Rules 735 and 736, Tex. R. Civ. P. That was not done in this instance. Movant presented an unauthenticated copy of what purports to be a judgment determining possession of the property. The document purporting to be a judgment, even if authenticated, does not determine title or the absence of Debtor's equity. The court concludes that Movant has failed to meet its burden of proof on the question of the Debtor's equity in the property. The court concludes that the instant motion should be denied.[2]

---

[2] Because the court determines that Movant's evidence is not sufficient, the court does not reach the question of standing raised by Debtor.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 8, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE