IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ALBERT MORRIS, | ) | CASE NO. 12-35217-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on "Homeward Residential Inc.'s Motion for Summary Judgment on its Objection to Debtor's Claimed Exemption of Certain Real Property Located at 54 The Oval Street, Sugar Land, Texas 77479" (Docket No. 123).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered disallowing the exemption.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Albert Morris ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 9, 2012.  The instant case is Debtor's fifth bankruptcy case in this district. Debtor was also the Debtor in Case Nos. 09-31539-H5-13, 08-37751-H5-13, 08-35828-H5-7, and 05-94405-H1-7.

In Debtor's Schedule A, he asserts that he has equitable title to real property located at 54 The Oval, Sugar Land, Texas, and that legal title is in dispute. In Debtor's Schedule C, he asserts a homestead exemption as to the property. (Docket No. 75). Homeward Residential Inc. ("Homeward") has filed an objection to Debtor's claimed exemption of the property, asserting that Debtor lacks an ownership or possessory interest in the property. (Docket No. 97).

In the instant motion, Homeward seeks summary judgment determining that Debtor lacks any legal or equitable interest in the property that could be exempted under the Bankruptcy Code.

On December 19, 2003, Debtor executed a home equity loan, and a deed of trust with respect to the property, in favor of Option One Mortgage Corporation ("Option One"). (Homeward Exhibits 1, 2). Option One assigned the deed of trust to Wells Fargo Bank, N.A., as trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-OP1 Asset Backed Pass-Through Certificates ("Wells Fargo"). (Homeward Exhibit 3).

Wells Fargo filed an application for an order of foreclosure of the deed of trust. (Homeward Exhibit 5). On October 17, 2006, the 400th Judicial District Court of Fort Bend County, Texas, entered an agreed order authorizing Wells Fargo, its successors and assigns, to proceed with foreclosure. The agreed order bears the signature of Debtor, indicating that he

agreed to its terms.  (Homeward Exhibit 6).  The agreed order was filed in the real property records of Fort Bend County, Texas. (Homeward Exhibit 7).

Debtor filed suit against Option One in the 268th Judicial District Court of Fort Bend County, Texas.  Debtor's suit was consolidated into the foreclosure suit filed by Wells Fargo.  (Homeward Exhibit 8).

The judge in the 400th Judicial District Court of Fort Bend County, Texas signed a final judgment on May 21, 2008.  The final judgment provided in pertinent part that Wells Fargo "may proceed with foreclosure" under deed of trust; that, upon foreclosure, Debtor and Debtor's spouse would be tenants at sufferance of Wells Fargo; and that, upon foreclosure, Wells Fargo would be entitled to a writ of possession as to the real property.  (Homeward Exhibit 9).

On September 1, 2008, Debtor and Debtor's spouse filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in Case No. 08-35828-H5-7.  On September 29, 2008, American Home Mortgage Servicing, Inc.[1] filed a motion for relief from stay. (Docket No. 15, Case No. 08-35828-H5-7).  The motion for relief from stay was granted, by order entered on October 22, 2008. (Docket No. 18, Case No. 08-35828-H5-7).

---

[1] Homeward is the successor to American Home Mortgage Servicing, Inc.  Further references to Homeward in this opinion include American Home Mortgage Servicing, Inc.

On December 2, 2008, Debtor and Debtor's spouse filed a voluntary petition under Chapter 13 of the Bankruptcy Code in Case No. 08-37751-H5-13.  Case No. 08-37751-H5-13 was commenced within one year after the dismissal of Case No. 08-35828-H5-7.  Debtor and Debtor's spouse did not seek or obtain an extension of the automatic stay in Case No. 08-37751-H5-13.  The automatic stay expired by operation of Section 362(c)(3)(A) of the Bankruptcy Code in Case No. 08-37751-H5-13, no later than January 2, 2009.

On February 6, 2009, American Home Mortgage Servicing, Inc., the servicer for Wells Fargo, provided Debtor with notice of acceleration of the loan, and a notice of trustee's sale, to take place on March 3, 2009.  (Homeward Exhibit 10).  The notice of trustee's sale was filed in the real property records of Fort Bend County, Texas.  (Homeward Exhibit 11).

On March 3, 2009, a substitute trustee conducted the foreclosure sale, and executed a deed conveying the property to Wells Fargo.  The deed was filed in the real property records of Fort Bend County, Texas.  (Homeward Exhibit 12).

On March 3, 2009, the same date as the foreclosure sale, Debtor and Debtor's spouse filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in Case No. 09-31539-H5-13.

Debtor and Debtor's spouse filed a motion for what they termed as an extension of the automatic stay, pursuant to Section

362(c)(3)(B), in Case No. 09-31539-H5-13.  The motion was granted, by order entered on March 13, 2009.  (Docket No. 8, Case No. 09-31539-H5-13).  The order granting the motion was vacated, by order entered on May 12, 2009.  The order vacating the order extending stay provided that no stay took effect on the filing of Case No. 09-31539-H5-13.  (Docket No. 26, Case No. 09-31539-H5-13).

Case No. 09-31539-H5-13 was commenced within one year after the dismissals of Case Nos. 08-35828-H5-7 and 08-37751-H5-13.  Thus, by operation of Section 362(c)(4)(A)(i) of the Bankruptcy Code, no stay took effect in Case No. 09-31539-H5-13.

Homeward commenced a forcible detainer action in the Justice of Peace Court, Precinct 4, Place 1, for Fort Bend County, Texas.  On July 23, 2009, the court entered a judgment determining that Homeward was entitled to possession of the property.  (Homeward Exhibit 14).  The county court of Fort Bend County, Texas held trial, de novo, on the issue of possession.  On August 19, 2009, the county court affirmed the judgment determining that Homeward was entitled to possession of the property.  (Homeward Exhibit 17).

Debtor appealed the judgment of the county court.  On April 28, 2011, the Texas Court of Appeals affirmed the judgment determining that Homeward was entitled to possession of the property. (Homeward Exhibit 20).  The mandate of the Texas Court

of Appeals issued on April 23, 2012.  (Homeward Exhibit 21).

While the state court appeals were pending, Debtor commenced suit in United States District Court, seeking remedies for alleged violations of the Federal Fair Debt Collection Practices Act, as well as a determination that Homeward and Wells Fargo lacked standing and to foreclose Debtor's interest in the property.  (Homeward Exhibit 32).  Debtor's suit in the United States District Court was dismissed, by order entered on September 22, 2010.  (Homeward Exhibits 33, 34).  The judgment of the United States District Court was affirmed by the United States Court of Appeals for the Fifth Circuit.  (Homeward Exhibits 37, 38).  The Fifth Circuit's mandate was issued on December 12, 2011.  (Homeward Exhibit 40).

## Conclusions of Law

Under Rule 56 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Rule 56, Fed. R. Civ. P.

Bankruptcy Rule 4003(c) provides that the objecting party has the burden of proving that the exemptions are not properly claimed.  Rule 4003, Fed. R. Bankr. P.

In order to be exempt, property must have been part of the bankruptcy estate, which requires that the debtor have legal

or equitable title prior to filing the bankruptcy petition.  <u>In re Osuaqwu</u>, 2012 WL 3394030 (Bankr. N.D. Tex. 2012).  Mere occupancy does not make a property a homestead.  <u>In re Yamin</u>, 65 B.R. 938 (Bankr. S.D. Tex. 1986).

In the instant case, the summary judgment evidence establishes that Debtor did not have legal or equitable title to the property on the petition date in the instant Chapter 7 case.  The final orders of the Texas Court of Appeals held that Debtor did not have legal or equitable title, or a possessory interest in the property.  As such, the property is not exempt.

Based on the foregoing, a separate Judgment will be entered disallowing the Debtor's exemption of the real property located at 54 The Oval Street, Sugar Land, Texas 77479.

Signed at Houston, Texas on April 10, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE